JAMES C. TARBOX v. FRANK CRUZEN and Others.[1]

April 26, 1897.

Nos. 10,195—(71).

**Contract—Interpretation—Province of Court.**

> *Held,* that the court below erred in submitting to the jury, as a question of fact, the construction to be placed on a certain written contract.

Appeal by plaintiff from an order of the district court for Wright county, Pond, J., denying a motion for judgment in favor of plaintiff, notwithstanding the verdict in favor of the defendants, and denying a motion for a new trial. Affirmed as to motion for judgment. Reversed as to motion for a new trial.

*James C. Tarbox, pro se.*

*David Cochran and Wendell & Pidgeon,* for respondents.

COLLINS, J. The written contract upon which this action was based is plain and unambiguous. By its terms the defendant Frank Cruzen was appointed sole agent for plaintiff's assignor, the publishing company, in certain named townships in Wright county, while the company, upon its part, agreed to furnish him 400 copies of its maps on or before October 1, 1894. Cruzen expressly agreed, in consideration of this, to take and sell the maps, so to be furnished, within the limits of these townships, and to pay therefore at the rate of $1.50 per copy on or before February 1, 1895. He received the maps, but paid for a few only.

The construction of this written agreement was for the court, not for the jury. Parol evidence as to a condition of the agreement to the effect that Cruzen was to return such of the maps as he could not sell within the specified period of time was inadmissible, in the absence of any attempt to reform the writing so that it might embrace all of the conditions of what defendants claimed on the trial was the real agreement. It flatly contradicted that which had been written. Plaintiff's appeal is from an order denying his motion for judgment

[1] Reported in 70 N. W. 860.

non obstante veredicto, as well as from that part of the order denying a new trial.

Taking the facts as they appear in the record, we are of the opinion that justice will be promoted by sustaining the action of the court below when denying the motion for judgment. But a new trial must be had.

It is so ordered.